## OCEAN ACCIDENT AND GUARANTEE CORP, LTD v SCHMITKIN et

Ohio Appeals, 5th Dist, Stark Co

No 1356. Decided May 22, 1933

McKeehan, Merrick, Arter & Stewart, Cleveland, for plaintiff in error.

Burt, Kinnison, Carson & Shadrach, Canton, and Ernest H. Cohen, Cleveland, for defendants in error.

## OPINION

By LEMERT, J.

The defendant's answer alleges and the plaintiff's reply admits the following:

"1. That no insurance was granted by the policy while any automobile described therein was operated by any person whose age was less than the age limit fixed by law or under the age of sixteen years in any event.

2. That at the time of the accident Wilbur Chalfant was under the age of sixteen years.

3. That §61 of the ordinance of Canton, Ohio, was in full force and effect and provided as follows:

"No person under the age of sixteen years shall operate, drive or propel any automobile or motorcycle on any thoroughfare in the city nor shall anyone being the owner or person in charge of an automobile or motorcycle permit anyone under the age of sixteen years to operate or drive the said vehicle on any public highway within said city."

4. That §13002 GC provided that:

"No child under the age of sixteen years shall be employed, permitted or suffered to work in any capacity * * * in operating any automobile, motor car, or truck."

So that the only point in controversy between plaintiff and defendant in the court below was whether under the evi-

dence this Ford truck at the time of the accident was or was not being operated by Wilbur Chalfant, who admittedly was under the legal age limit of sixteen years.

The record discloses that Chalfant operated the Ford truck without any interference or assistance from Parry during the half mile covered before the accident. This is undisputed. At or about the time that the accident happened and at about the time the car got over the curbing and onto the sidewalk, the record discloses that Parry reached over and grabbed hold of the steering wheel and changed the course of the car as to cause it to collide with Mrs. Schmitkin. There is some controversy in the record as to who was exactly controlling the car at the time of the accident. As to this contention there was much evidence both pro and con as to who produced the dangerous situation which brought about and produced the injury. This was a question for the jury, under proper instructions from the court, so that the simple and clear cut question was presented to the jury and the jury having decided that question in favor of the defendant in error, we are unable to say from an examination of the whole of the testimony in the record that the verdict of the jury was not warranted. It was for the jury to say, under all the evidence and circumstances before it, as to whether the turning of the steering wheel by Parry after the car had gotten up onto the curbing or sidewalk and when it was in a situation where injury to pedestrians was practically inevitable, whether that terminated Chalfant's operation of the car and transferred its operation to Parry was for the jury to find and determine.

As to the second ground of error relating to the trial court's refusal to permit the plaintiff in error the right to open and close the argument, as requested by them: We find that under the pleadings and the issues as made up in this case, together with the stipulations contained in the record, that the court in its holding on this matter committed no error therein, as disclosed by the record.

As to the third ground of error presented in brief and argument, that is, in the cross examination of Parry as a witness, with reference to his theft of an automobile, we find in the **29th Oh St, 351**, wherein it has been held that:

"The impeachment of the credit of a witness by showing that he has made statements at other times contradictory of his testimony given on the trial, does not lay the foundation for sustaining him by proof of his reputation for truth.

Evidence can not be given to prove an infamous crime against a witness, of which he has not been convicted, for the purpose of impeaching his credit; yet, where the question as to whether the witness is guilty of such crimes becomes the legitimate subject of inquiry on the trial, his reputation for truth may be proved, to rebut the imputation of guilty which the evidence makes against him."

On page 358, Webb v State:

"At common law, conviction of such a crime rendered the party infamous and wholly unworthy of credit. Now, by statute, the competency of the party as a witness is restored; but his conviction may still be shown for the purpose of affecting his credibility. The effect of such conviction is to impeach the character of the witness as a man of truth, and where the record of the conviction is used to impeach a witness, his reputation for truth may be proved to rebut its effect."

From an examination of the whole of the record, we find no error therein and the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.